UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLYMPIC AIR, INC.; CATLIN INSURANCE COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HELICOPTER TECHNOLOGY COMPANY, et al., <br><br> Defendants. | Case No. 2:17-CV-1257-RSL <br><br> ORDER DENYING REED PLAINTIFFS' MOTION FOR RECONSIDERATION |
| WILLIAM G. REED and MARY E. REED, <br><br> Plaintiffs, <br><br> v. <br><br> HELICOPTER TECHNOLOGY COMPANY, et al., <br><br> Defendants. | |

This matter comes before the Court on Reed plaintiffs' "Motion for Reconsideration." Dkt. #57. Reed plaintiffs argue that the Court erred in granting defendant MD Helicopter, Inc's ("MDHI") "Motion to Dismiss Amended Consolidated Complaint" (Dkt. # 47) on the basis that it lacks personal jurisdiction over MDHI. See Dkt. #55.

Motions for reconsideration are disfavored in this district and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Local Civil Rule

ORDER DENYING MOTION FOR RECONSIDERATION - 1

7(h)(1). Reed plaintiffs present two arguments in support of their request that this Court vacate its order granting MDHI's motion to dismiss. *First*, Reed plaintiffs argue they need jurisdictional discovery to determine whether the Court has personal jurisdiction based on MDHI's potential successor liability. Dkt. #57 at 3-5. *Second*, they argue that that the Court should not have granted MDHI's motion to dismiss prior to allowing plaintiffs the "opportunity to conduct discovery as to MDHI's activities in the State of Washington." Id. at 5-6.

## I. Successor Liability

First, Reed plaintiffs argue that the Court erred in granting MDHI's motion to dismiss, reiterating the argument that they need "discovery on issues related to successor liability, which in the instant case, can have implications for jurisdiction." Id. at 4. Plaintiffs raised a similar argument about successor liability in their original briefing on MDHI's motion to dismiss. See Dkt. #50 at 5, 23. The Court remains unconvinced that jurisdictional discovery as to MDHI's potential successor liability would change its conclusion that "[p]laintiffs' allegations concerning the manufacture of the Helicopter by MDHI's predecessors are irrelevant" to the personal jurisdiction inquiry because "[p]laintiffs' cause of action arises out of an alleged defect in one of the main rotor blades of the helicopter, manufactured by HTC and sold to Olympic Air in October 2012." Dkt. #55 at 5.

Reed plaintiffs have not met their burden under Local Rule 7(h)(1) because they have not shown either manifest error or new facts or legal authority that could not have been brought to the Court's attention earlier. The Court therefore declines to vacate its order based on Reed plaintiffs' renewed successor liability arguments.

## II. MDHI's Contacts with Washington

Second, Reed plaintiffs argue that they "had no opportunity to conduct discovery as to MDHI's activities in the State of Washington." Dkt. #57 at 5. The Court already considered and rejected each of Reed plaintiffs' minimum contacts arguments and implicitly considered and rejected their request to conduct jurisdictional discovery when it granted MDHI's motion to dismiss. See Dkt. #55. Reed plaintiffs have not pointed to any new facts or legal authority that

1 | were not—or could not reasonably have been—raised in their original brief in response to
2 | MDHI's motion to dismiss.  LCR 7(h)(1).
3 |     Reed plaintiffs advance the same legal arguments in support of their renewed request for
4 | jurisdictional discovery of MDHI's contacts in Washington.  Dkt. #57 at 2-3; Dkt. #50 at 12-14.
5 | Although "[d]iscovery may be appropriately granted where pertinent facts bearing on the
6 | question of jurisdiction are controverted or where a more satisfactory showing of the facts is
7 | necessary," Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008) (citation omitted), the
8 | Court thoroughly assessed each of plaintiffs' minimum contacts arguments and determined
9 | jurisdictional discovery was unnecessary because it could properly resolve the issues based on
10 | the available facts.  Dkt. #55 at 4-10.  Reed plaintiffs fail to show otherwise.

    For all the foregoing reasons, Reed plaintiffs have not met their burden under Local Civil Rule 7(h)(1).  Their "Motion for Reconsideration" (Dkt. #57) is therefore DENIED.

    DATED this 4th day of November, 2019.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 3