1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  OLYMPIC AIR, INC.; CATLIN
   INSURANCE COMPANY, INC.
10
                    Plaintiffs,
11
             v.
12
   HELICOPTER TECHNOLOGY COMPANY,
13 et al.,
14
                    Defendant.
15
   WILLIAM G. REED and MARY E. REED,.
16
                    Plaintiffs,
17
             v.
18
   HELICOPTER TECHNOLOGY COMPANY,
19 et al.,
20
                    Defendants.
21

Case No. C17-1257RSL

ORDER ON REED
PLAINTIFFS' MOTION TO
DISMISS

22    This matter comes before the Court on the Reed plaintiffs' motion to dismiss their claims

23 against Helicopter Technology Company, Helicopter Technology Corporation, and Helicopter

24 Technology Company, LLC (collectively, "HTC") with prejudice and enter judgment dismissing

25 their claims, or in the alternative, deconsolidate cases and enter final judgment in the Reed

26 plaintiffs' case (Dkt. # 155). The Reed plaintiffs (William G. Reed and Mary E. Reed, and the

27 marital community composed thereof) recently settled their claims against their only remaining

28 defendant, HTC, and they plan to appeal the dismissal of their claims against former defendant

ORDER ON REED PLAINTIFFS' MOTION TO DISMISS - 1

1   MD Helicopters, Inc. ("MDHI"). Dkt. # 155 at 5. HTC did not respond to the Reed plaintiffs'
2   motion, and the non-Reed plaintiffs (Olympic Air, Inc. and Catlin Insurance Company, Inc.)
3   filed a notice of non-opposition to the motion. Dkt. # 156.

4        With respect to the Reed plaintiffs' request for an order dismissing their claims against
5   HTC, Fed. R. Civ. P. 41(a)(2) governs this request,[1] and the "action may be dismissed at the
6   plaintiff's request only by court order, on terms that the court considers proper." The Reed
7   plaintiffs indicate that their settlement with HTC requires them to seek dismissal of their claims
8   against HTC. Dkt. # 155 at 5. The Court considers HTC's lack of response to the Reed
9   plaintiffs' motion "as an admission that the motion has merit." LCR 7(b)(2). Accordingly, the
10  Court GRANTS plaintiffs' motion to dismiss their claims against HTC with prejudice.

11       Turning to the Reed plaintiffs' request for entry of judgment dismissing their claims, the
12  Court agrees that "consolidation [does] not result in the merger of constituent cases." Hall v.
13  Hall, 138 S. Ct. 1118, 1127 (2018). "Forcing an aggrieved party to wait for other cases to
14  conclude would substantially impair his ability to appeal from a final decision resolving his own
15  case." Id. at 1128.

16       For all of the foregoing reasons, the Reed plaintiffs' motion to dismiss their claims
17  against HTC with prejudice and enter judgment dismissing their claims (Dkt. # 155) is
18  GRANTED.[2] The Clerk of Court is directed to enter judgment dismissing with prejudice all
19  claims by the Reed plaintiffs against HTC, with each side bearing its own costs. Claims by
20  Olympic Air, Inc., and Catlin Insurance Company, Inc. are not dismissed.

21
22
23
24
25
26
27

---

[1] Fed. R. Civ. P. 41(a)(1) does not govern the Reed plaintiffs' request because the opposing party
has served an answer in this matter, Dkt. # 46, and no stipulation of dismissal has been submitted.

28   [2] The Court need not consider the Reed plaintiffs' motion in the alternative regarding
deconsolidation.

ORDER ON REED PLAINTIFFS' MOTION TO DISMISS - 2

1    DATED this 27th day of September, 2021.

2

3

4                          Robert S. Lasnik

5                          United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER ON REED PLAINTIFFS' MOTION TO DISMISS - 3