UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OLYMPIC AIR, INC.; CATLIN INSURANCE COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> HELICOPTER TECHNOLOGY COMPANY, et al., <br><br> Defendants. | Case No. C17-1257-RSL <br><br> ORDER DENYING MOTION TO STAY DISCOVERY ORDER |
| WILLIAM G. REED and MARY E. REED, <br><br> Plaintiffs, <br><br> v. <br><br> HELICOPTER TECHNOLOGY COMPANY, et al., <br><br> Defendants. | |

This matter comes before the Court on the Helicopter Technology Company defendants' "Motion to Stay Discovery Order Re Production of Trade Secret Documents" (Dkt. # 122).[1] For the reasons explained below, the motion is DENIED.

---

[1] Plaintiffs' response (Dkt. # 128) was filed by plaintiffs William G. Reed and Mary E. Reed, and was not joined by plaintiffs Olympic Air, Inc. and Catlin Insurance Company, Inc. On September 27, 2021, the Court granted the Reeds' motion to dismiss their claims with prejudice and entered judgment dismissing their claims because they had settled their claims against their only remaining defendant, HTC. See Dkts. # 157 (Order), # 158 (Judgment). The Reeds were consequently terminated

ORDER DENYING MOTION TO STAY
DISCOVERY ORDER - 1

This matter arises out of a helicopter crash that occurred when one of the helicopter's five rotor blades failed mid-flight. The blade in question was manufactured and sold by the Helicopter Technology Company defendants ("HTC"). On October 30, 2020, the Court entered an Order compelling HTC to respond to plaintiffs' requests for production and answer plaintiffs' interrogatories within 21 days. See Dkt. # 117 at 6-8, 13. The Court specifically considered HTC's concern that some of the requested discovery may contain trade secrets and concluded that the existing stipulated protective order addressed this concern. Id. at 8 n.8. HTC now moves the Court to stay the portions of its discovery order requiring production of HTC's confidential trade secret documents.

The Court construes HTC's motion to stay trade secret discovery as a motion for a protective order. See Fed. R. Civ. P. 26(c)(1)(B), (G) (stating that the Court may specify the terms for the disclosure of discovery, including timing, and that the Court may dictate how trade secrets are revealed). The Court may issue a discovery protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Reza v. Pearce, 806 F.3d 497, 508 (9th Cir. 2015) (quoting Fed. R. Civ. P. 26(c)). A motion for a discovery protective order "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c).

As a threshold matter, HTC's motion fails because it does not include a meet-and-confer certification. HTC also does not argue that the Court should stay discovery to protect it from annoyance, embarrassment, oppression, or undue burden or expense, but rather because (i) it is confident that it will prevail on its motion for summary judgment despite having conceded the design and manufacturing defects that the discovery is sought to prove for purposes of that motion, and (ii) disclosure of its trade secrets could irreparably harm its business.

---

as parties to the case as of the same date. However, because the Court's decision whether to stay discovery is entirely discretionary, the Court will consider this effectively unopposed motion on the merits.

ORDER DENYING MOTION TO STAY
DISCOVERY ORDER - 2

Even assuming that HTC presents proper grounds to stay discovery, its motion fails. First, on the date hereof, the Court issued an Order denying HTC's motion for summary judgment. See Dkt. # 166. HTC's arguments premised on the merits of that motion therefore fail. Second, the Court already considered HTC's concern regarding its trade secrets and determined that the protective order in place in this case sufficiently addressed this concern. See Dkt. # 117 at 8 n.8. The Court declines HTC's invitation to reconsider this conclusion.

For all of the foregoing reasons, IT IS HEREBY ORDERED that HTC's Motion to Stay Discovery Order Re Production of Trade Secret Documents (Dkt. # 122) is DENIED. HTC shall immediately produce all outstanding trade secret discovery to plaintiffs.

IT IS FURTHER ORDERED that discovery is reopened and must be completed by April 7, 2022. The Court will issue an updated Case Management Order accordingly.

DATED this 7th day of October, 2022.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge